JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY & another *vs.* HEALTH, WELFARE AND RETIREMENT TRUST FUNDS BOARD.

Suffolk.     April 6, 1960, — June 10, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Health, Welfare and Retirement Funds. Retirement. Pension. Insurance,* Group insurance.

*Liberty Mutual Insurance Company* v. *Health, Welfare and Retirement Trust Funds Board, ante,* 194, followed with respect to a plan involving a group annuity contract issued by an insurer to an employer and an account entitled "Pension Administration Fund" on the books of the insurer.

BILL IN EQUITY, filed in the Superior Court on October 7, 1959.

The suit was reported by *Nagle, J.,* without decision upon an agreed statement of facts.

The plaintiff John Hancock Mutual Life Insurance Company had issued a group annuity contract to the plaintiff Forbes Lithograph Mfg. Co.

*Richard C. Evarts, (John H. Doermann* with him,) for the plaintiffs.

*Leo Sontag,* Assistant Attorney General, *(William J. McCarthy* with him,) for the defendant.

WHITTEMORE, J.   This case is controlled by the opinion of this date in *Liberty Mut. Ins. Co.* v. *Health, Welfare & Retirement Trust Funds Bd., ante,* p. 194.   The fact that there is on the books of the insurance company an account which is entitled "Pension Administration Fund" brings the case more nearly within the technical definition of "fund" outlined in the opinion.   But we think again that the statute has not adequately shown an intention to regulate plans which do not include the creation of a trust fund in the usual sense.

A decree is to enter in the Superior Court construing the statute as inapplicable to the contract between John Hancock Mutual Life Insurance Company and Forbes Lithograph Mfg. Co. and plan in connection therewith; also that the regulation is invalid so far as it purports to require compliance with the statute in respect of such contract and plan.

*So ordered.*